**Affirmed and Memorandum Opinion filed September 19, 2024.**



In the

# Fourteenth Court of Appeals

## NO. 14-23-00780-CR

### FRANK NEAL RODRIGUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1
Brazos County, Texas
Trial Court Cause No. 22-03839-CRM-CCL1**

## M E M O R A N D U M    O P I N I O N

In appellant Frank Neal Rodriguez's appeal of his conviction for unlawful carrying of a weapon while in possession of drug paraphernalia, he challenges the legal sufficiency of the evidence that an item found in the vehicle he was driving constitutes "drug paraphernalia." We affirm.

# I. BACKGROUND

Shortly after 10:00 a.m. on August 5, 2022, Marcelo Maldonado of the Bryan Police Department witnessed appellant drive past a stop sign without slowing or stopping. Maldonado stated that before appellant stopped the vehicle completely, Maldonado saw appellant make furtive movements "like he was placing something down on the passenger's seat." During the traffic stop, Maldonado smelled marijuana. Appellant was carrying a semi-automatic handgun in a holster, and after Maldonado removed appellant's firearm, Maldonado searched the vehicle.

Under the passenger seat Maldonado found a brown wooden container divided into two chambers. Maldonado testified that such a container is commonly referred to a "one-hitter." Maldonado explained that one of the container's chambers holds marijuana and the other holds a pipe—in this instance, a metal pipe—used to smoke marijuana. He stated that the container is called a "one-hitter" because one would normally load it with enough marijuana for one hit. According to Maldonado, there was residue in the container, which smelled like marijuana. Maldonado testified that, as a result of his training and experience, he can distinguish the smell of marijuana from the smell of hemp. Maldonado field-tested the residue and the result was "presumptive[ly] positive for THC," but he testified that his department does not send "misdemeanor drugs" or paraphernalia for laboratory analysis.

Video from Maldonado's body camera includes exchanges between Maldonado and appellant about marijuana. Before the search, Maldonado asked appellant whether there was anything illegal in the vehicle, and appellant said, "There shouldn't be." Maldonado specifically asked whether certain items would be in the vehicle, including "usable amounts of weed"[1] and paraphernalia. Appellant

---

[1] Maldonado testified that "weed" means marijuana.

said, "no" to the listed items, and Maldonado responded, "Okay. Why does it smell like weed?" Appellant answered, "I had been smoking earlier this morning, or like, getting ready for work." After Maldonado discovered the "one-hitter" in the vehicle, he showed it to appellant and asked, "This yours?" Appellant briefly covered his face, then said, "I really thought that was at home." Maldonado said, "It smells kind of fresh. Is this the one you used?" Appellant answered, "Yeah, I really thought I left it at home."

Appellant was charged with unlawful carrying of a weapon while in possession of drug paraphernalia. After a non-jury trial, appellant was convicted and sentenced to community supervision for one year. On appeal, appellant argues that there is legally insufficient evidence that the "one-hitter" constitutes "drug paraphernalia" because the residue it contained was not tested to determine whether it was more than 0.3% delta-9-tetrahydrocannabinol (THC).

## II. STANDARD OF REVIEW

When determining whether evidence is legally sufficient to support a conviction, we view all the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). We may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. If any rational trier of fact could have found the essential elements

3

of the crime beyond a reasonable doubt, we must affirm. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

### III. LEGAL SUFFICIENCY

A person commits the offense of unlawful carrying of a weapon if the person intentionally, knowingly, or recklessly carries a handgun on or about his or her person while engaged in criminal activity (with the exception of certain misdemeanors inapplicable here). *See* TEX. PENAL CODE § 46.02(a-1)(2)(A). The criminal activity at issue here is the offense of possession of drug paraphernalia. A person commits that offense if the person knowingly or intentionally uses or possesses with intent to use drug paraphernalia to store, contain, or conceal a controlled substance or to introduce a controlled substance into the human body in violation of the Texas Controlled Substances Act.[2] *See* TEX. HEALTH & SAFETY CODE § 481.125(a).

Appellant's legal-sufficiency challenge focuses on the distinction between marijuana, as defined in the Texas Controlled Substances Act, and hemp. With certain exceptions, marijuana (or "marihuana" as it is spelled in the Act) "means the plant Cannabis sativa L., whether growing or not, the seeds of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plant or its seeds." *Id.* § 481.002(26). The term does not include hemp. *Id.* § 481.002(26)(F). "Hemp" refers to any part of that plant "including the seeds of the plant and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." TEX. AGRIC. CODE § 121.001.

---

[2] TEX. HEALTH & SAFETY CODE §§ 481.001–.354.

Appellant argues that the only way to distinguish the controlled substance marijuana from the legal substance hemp is through laboratory testing to determine the substance's THC concentration. According to appellant, the THC concentration of the residue in the one-hitter was an essential element that the State was required prove, but because the residue was not tested, the evidence is legally insufficient to support his conviction.

But the State could determine that the one-hitter was "drug paraphernalia" without proving the THC concentration of the residue. Subject to the rules of evidence, a court determines whether an object is "drug paraphernalia" by considering not only "the existence of any residue of a controlled substance on the object," but also "statements by an owner or person in control of the object concerning its use," "the existence and scope of uses for the object in the community," "the physical design characteristics of the item," "expert testimony concerning the item's use," and "all other logically relevant factors." TEX. HEALTH & SAFETY CODE § 481.183(a). Maldonado's testimony and appellant's recorded statements provide such evidence.

The evidence presented is legally sufficient to establish that the one-hitter is drug paraphernalia. Maldonado has taken classes in narcotics investigation and has more than ten years' experience as a patrol officer, and he offered expert testimony about the one-hitter. He explained that one chamber is used to store marijuana and that the other chamber stores the pipe used to smoke it. Although he agreed it was possible that it could be used to smoke tobacco, he stated that he had never come into contact with anyone who did so. He stated that he could differentiate between the smell of hemp and marijuana, and that the vehicle and the one-hitter smelled like marijuana.

5

The video from Maldonado's body camera contains further evidence that the appellant actually used this specific item to smoke marijuana. Appellant accounted for the smell of marijuana in his vehicle by stating that he had been smoking it earlier that morning, and when Maldonado asked if the one-hitter was "the one you used," appellant affirmed that it was.

From this evidence, a rational fact finder could have found all of the elements of the offense beyond a reasonable doubt. Thus, we overrule the sole issue presented.

## IV. Conclusion

The evidence is legally sufficient to establish that appellant engaged in the criminal activity of possessing drug paraphernalia, and appellant does not dispute that he was knowingly or intentionally carrying a handgun on his person at that time. We accordingly affirm the trial court's judgment.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

6